UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-426-KSF

SHIRLEY JEAN WILCOX                                                    PLAINTIFF

v.                          **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income ("SSI"). The appeal is currently before the Court on cross-motions for summary judgment. The Court, having reviewed the record, will vacate the Commissioner's decision and remand it for further proceedings.

**I.     APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)  If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)  Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact are supported by substantial evidence. *Jones v. Secr'y of Health & Human Servs.*, 945 F.2d 1365, 1368-69 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Shirley Jean Wilcox, filed her application for SSI on April 19, 2006, alleging disability beginning December 15, 2005, due to hypertension, gastroesophageal reflux disease, hypothyroidism with goiter, lumbosacral strain with chronic low back pain, diminished visual acuity, macular degeneration, retinitis pigmentosa and generalized anxiety disorder.

The record contains evidence that Wilcox was seen on May 16, 2006, by Kevin Eggerman,

M.D. at the agency's request for a psychiatric evaluation. Dr. Eggerman diagnosed generalized anxiety disorder and rated Wilcox's GAF at 60. He opined that her ability to respond to work pressures in a usual work setting was moderately limited. He also opined that her prognosis is fair and recommended psychotherapy. Lea Perritt, Ph.D. reviewed Dr. Eggerman's report and completed a Psychiatric Review Technique form which adopted the diagnosis but assessed only mild restrictions. Ilze Sillers, Ph.D. also reviewed the file and completed a PRT. Dr. Sillers adopted the same findings as Dr. Perritt.

On May 20, 2006, Dr. Gary Wortz of Cardiopulmonary Labs examined Wilcox at the agency's request. Dr. Wortz noted Wilcox's report of recurrent nausea and upset stomach, back and leg pain, shortness of breath with two to three pillow orthropnea and decreased vision. His eye exam revealed visual acuity of 20/100 and 20/70 on the left and right. He observed significant bruising of the fundi consistent with macular degeneration but stated that it could not be properly diagnosed without a dilated exam. He opined that he saw no evidence for impairment at that time. J. Edward Ross, M.D. reviewed Dr. Wortz's report and affirmed the prior assessment of no physical impairment.

On June 22, 2006, Julia Blocker, ANRP, who works under the supervision of C.A. Moore, M.D., examined Wilcox. Nurse Blocker noted back and leg pain, epigastric tenderness, elevated blood pressure, swelling of the extremities, shortness of breath and an anxious mood. She diagnosed hypertension, gastritis, lumbosacral strain and anxiety.

On February 26, 2007, Wilcox saw John Boll, D.O. at the Clearfork Clinic. Dr. Boll diagnosed hypothyroidism with goiter, hypertension, chronic low back pain, gastroesophageal reflux disease and anxiety. He continued Ultram for back pain and prescribed Celexa for anxiety and

Levothyroxine for suppression of the goiter. Dr. Boll referred Wilcox to David Sanford, M.D. for opthamological consultation.

Dr. Sanford saw Wilcox on May 21, 2007. He noted a description of intermittently worsening blurred vision. He found that Wilcox's visual acuity was correctable to 20/40 in each eye. He also noted a concern about retinitis pigmentosa after performing an exam with dilation.

After reviewing medical evidence and listening to Wilcox's testimony during a hearing on May 24, 2007, an Administrative Law Judge ("ALJ") concluded that Wilcox did not have a severe impairment. The ALJ found that she had no medically determinable impairments that could reasonably be expected to produce the claimed symptoms. The ALJ based his conclusion that Wilcox did not have a severe impairment on the fact that there were no abnormalities shown by medically acceptable clinical and laboratory diagnostic techniques. He also cited her testimony that she performs personal care without difficulty and performs tasks such as meal preparation, laundry and "a little cleaning" and is able to drive, shop and manage her finances.

Because the ALJ found at Step 2 that Wilcox did not have a severe impairment or combination of impairments as defined by the Regulations, he concluded that she was not disabled without reaching the other steps of the analysis. 20 C.F.R. § 404.15202(c). Accordingly, on August 27, 2007, the ALJ issued an unfavorable decision, finding that Wilcox was not disabled and therefore not entitled to SSI. At the time of the ALJ's decision, Wilcox was 63-years-old. Wilcox subsequently requested review by the Appeals Council. Wilcox submitted a letter from Dr. Sanford to the Appeals Council wherein Dr. Sanford confirmed that Wilcox suffered from retinitis pigmentosa and explained that it is a progressive blinding condition without known treatment. He stated that as of August 13, 2007, edema had lessened enough to allow him to visualize the posterior

segment revealing more extensive damage to the macula, which was then confirmed by tomography. He also observed considerable disruption of the retinal layer. He opined that the optic nerve damage is unlikely to improve and reported that the condition is likely to be permanent. The Appeals Council declined Wilcox's request for review on October 28, 2010. Wilcox has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. DISCUSSION

Wilcox argues that the ALJ erred in finding that she did not have a severe impairment. Further, she argues that because she is an individual of advanced age with a limited education and no work experience, she should be found disabled and awarded benefits pursuant to Social Security Ruling 82-63 . The Commissioner agrees that SSR 82-63 would apply if Wilcox were found to have a severe impairment; however, the Commissioner contends that the ALJ's determination that she did not have a severe impairment is supported by substantial evidence so the decision should be affirmed. Alternatively, Wilcox requests that the Court remand the case pursuant to sentence six of 42 U.S.C. § 405(g) to consider Dr. Sanford's August 2007 letter.

The first issue before the Court is whether substantial evidence supports the ALJ's determination that Wilcox does not have a "severe" impairment. In the Sixth Circuit, the Step 2 severity regulation has been held to be a *de minimis* hurdle in the disability determination process. *Murphy v. Secr'y of Health & Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." *Farris v. Secr'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirement may be used to weed out claims that are

"totally groundless." *Id.* at n.1.

The ALJ's reliance on Dr. Perritt's opinions instead of those of Dr. Eggerman was improper because Dr. Perritt was a non-examining source. Dr. Perritt was a state agency consultant that reviewed Dr. Eggerman's report. Dr. Eggerman, who examined Wilcox, diagnosed generalized anxiety disorder and assessed a moderate impairment in ability to respond appropriately to work pressures. Dr. Perritt gave that portion of Dr. Eggerman's report little weight and the ALJ relied on this opinion when finding that Wilcox did not have a severe impairment. While it was inappropriate for the ALJ to rely on the non-examining source's opinion instead of the examining source, Dr. Eggerman's report does not indicate that Wilcox has a "severe" mental impairment, nor do the reviewing physicians' reports. Further, the records from Dr. Wortz, Dr. Boll and Nurse Blocker do not give any indication of functional restrictions and the reviewing physicians did not find a severe physical impairment. In Dr. Sanford's medical records that were before the ALJ, a concern about retinitis pigmentosa is noted, but there were no functional restrictions listed. Thus, the ALJ's decision that Wilcox did not have a "severe" impairment was supported by substantial evidence and remand pursuant to sentence four of § 405(g) is inappropriate.

The new medical evidence submitted to the Appeals Council, that is Dr. Sanford's August 2007 letter, however, undermines the ALJ's findings, and remand under sentence six of § 405(g) is appropriate. "In order to obtain a remand for further administrative proceedings, [sentence six of] Section 405(g) clearly requires a showing both of materiality and good cause." *Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996). In *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993), the court of appeals reversed the district court's judgment in favor of a Social Security claimant where the district court based its determination in part on evidence that had

been submitted to the Appeals Council but never submitted to the ALJ. The court noted that the district court's option in such circumstances is to remand to the Agency, but only if good cause can be demonstrated.

The Court finds that record is material and there was good cause for not submitting it earlier. To be material, Wilcox must demonstrate that there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence. *Sizemore v. Secr'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Dr. Sanford's letter indicates a new diagnosis and test results that were not taken into account in the ALJ's opinion and casts doubt on the ALJ's observations that Wilcox did not have severe visual problems. Of course, the Court cannot predict a different outcome, and indeed there may not be one, but there is a reasonable probability of a different determination. The chronology of the administrative hearing, decision and the Appeals Council submission demonstrate good cause for not presenting the new record earlier. The new record, created subsequent to the hearing, were obviously not available at the time of the hearing.

Accordingly, the plaintiff is entitled to a sentence six remand to allow the ALJ to consider the impact of this new, material record. A sentence six remand does not constitute a final judgment.; rather, the Court retains jurisdiction and enters final judgment only "after postremand agency proceedings have been completed and their results filed with the court." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

IV. **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE # 6] is **GRANTED IN PART** insofar as it seeks further proceedings but **DENIED IN PART** insofar as the plaintiff seeks an award of benefits;

(2) the Commissioner's motion for summary judgment [DE # 7] is **DENIED**; and

(3) the decision of the Commissioner is **VACATED**, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion & Order.

This 18th day of August, 2010.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**