UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-426-KSF

SHIRLEY JEAN WILCOX                                                   PLAINTIFF

v.                             **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of Julie Atkins, counsel for the plaintiff, Shirley Jean Wilcox, for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 [DE #14]. Specifically, Wilcox asks for an award of attorney's fees in the amount of $7,647.90 for 48.10 hours of attorney time and costs in the amount of $350.00 for the filing fee. The Commissioner objects to Wilcox's motion on the grounds that because the position of the government was "substantially justified," she is not entitled to an award of fees and expenses. Additionally, the Commissioner contends that even if an award of fees was justified, the plaintiff has not established that the hourly rate requested, $159.00 per hour, is the prevailing market rate for attorneys in the Eastern District of Kentucky.

**I.    PROCEDURAL HISTORY**

Wilcox filed her application for Supplemental Security Income benefits ("SSI") on April 19, 2006, alleging disability beginning December 15, 2005 due to hypertension, gastroesophageal reflux disease, hypothyroidism with goiter, lumbosacral strain with chronic low back pain, diminished

1

visual acuity, macular degeneration, retinitis pigmentosa and generalized anxiety disorder. After reviewing medical evidence and listening to Wilcox's testimony during a hearing on May 24, 2007, the Administrative Law Judge ("ALJ") concluded that Wilcox did not have a severe impairment. As a result of this finding, the ALJ concluded that she was not disabled. *See* 20 C.F.R. 404.15202(c). The ALJ then issued an unfavorable decision, finding that Wilcox was not disabled and therefore not entitled to SSI [TR 13].

Wilcox subsequently requested review by the Appeals Council [TR 9]. She submitted a letter from Dr. Sanford to the Appeals Council in which Dr. Sanford confirmed that Wilcox suffered from retinitis pigmentosa and explained that it is a progressive blinding condition without known treatment. According to Dr. Sanford, as of August 13, 2007, edema had lessened enough to allow him to visualize the posterior segment revealing more extensive damage to the macula, which was confirmed by tomography. He also noted considerable disruption of the retinal layer and opined that optic nerve damage is unlikely to improve and reported that the condition is likely to be permanent [TR 153]. Despite this new evidence, the Appeals Council declined Wilcox's request for review on October 28, 2009 [TR 5].

On December 29, 2009, Wilcox filed her complaint in this Court seeking review of the Commissioner's final decision denying her application for SSI pursuant to 42 U.S.C. § 405(g) [DE #1]. In accordance with this Court's Scheduling Order, both parties filed motions for summary judgment. After careful review, this Court concluded on August 18, 2010 that the new medical evidence submitted to the Appeals Council, that is Dr. Sanford's August 2007 letter, undermined the ALJ's findings. The Court explained that the letter was material and Wilcox presented good cause for not submitting it earlier [DE #9]. Accordingly, the Court vacated the decision of the

Commissioner and remanded this matter to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).

On remand, the Commissioner issued a fully favorable decision to Wilcox on February 14, 2011 [DE #10-1]. Thereafter, on June 3, 2011, the Commissioner filed its motion to redocket the action and affirm the Commissioner's decision [DE #10]. Wilcox's attorney, Julie Atkins, then filed her fee application, claiming the Commissioner's position was not substantially justified and requesting an award of attorney's fees in the amount of $7,647.90 for 48.10 hours of attorney time and costs in the amount of $350.00 for the filing fee [DE #13].

II. **ANALYSIS**

The Equal Access to Justice Act provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009)(citing 28 U.S.C. § 2412(d)(1)(A)). Under the EAJA, "substantially justified" means the government's position was "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). *See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990). The government has the burden under the EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419, n. 7 (6th Cir. 2001). The government's position includes both the underlying action and its litigation position. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D); *Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). Although Wilcox ultimately prevailed in this litigation, the Commissioner claims that the Court should reject Atkin's fee application because the government's position in the underlying

3

litigation was substantially justified.

With respect to the agency's action, the Court has previously found that the substantial evidence supported the ALJ's conclusion that Wilcox did not have a severe impairment [DE #9]. However, the Court also concluded that the October 26, 2007 letter from Dr. Sanford subsequently submitted to the Appeals Council was material and that good cause existed for not submitting it earlier, thus resulting in the remand pursuant to sentence six of 42 U.S.C .§ 405(g) [DE #9]. On remand, the new evidence obviously changed the ALJ's decision, as Wilcox was successful on remand [DE #10-1]. Accordingly, the Court concludes that the government was not substantially justified in its position that Dr. Sanford's letter was not material to the agency's decision. The letter presented a reasonable probability that the information contained therein would have changed the outcome of the agency's original decision. Indeed, it did change the outcome of the agency's decision upon remand.

Therefore, the Court concludes that the Commissioner's litigation position was not substantially justified. While the Commissioner's actions prior to submission of Dr. Sanford's letter to the Appeals Council were substantially justified, the Court notes that all of the fees requested by Atkins were accrued after litigation began. There is no evidence in the record of special circumstances which would make a fee award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, Atkins is entitled to an award of fees and costs under the EAJA.

As to the amount of the award, the EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . *shall* be based upon *prevailing market rates* for the kind and quality of services furnished, except that . . . attorney fees shall *not be awarded in excess of $125* per hour unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

4

28 U.S.C. § 2412(d)(2)(A) (emphasis added). Wilcox seeks a fee award of $7,647.00 for a total of 48.10 hours of work performed by her counsel before this Court at an hourly fee of $159.00. The Commissioner does not contest the legitimacy of the work performed by Atkins, but rather objects to the hourly rate upon which her claim is based. The Commissioner contends that an hourly rate exceeding $125 per hour is excessive [DE #14].

According to the Supreme Court, reasonable fees are those "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). Thus, when determining the market rate, courts are required to examine standard fees in the relevant community. *Id*. at 895. The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates. *Id*. After considering the prevailing market rate issue, the Court then must consider whether an increase in the fee level above the statutory cap is justified based on cost of living increases. *Begley v. Secretary of Health and Human Services*, 996 F.2d 196, 200 (6th Cir. 1992). Whether to adjust a fee above the statutory cap based on an increase in the cost of living is entirely discretionary with the Court. *Id*. at 200.

In support of her motion, Atkins argues that the hourly rate in this case should be increased to $159.00 due to the cost of living adjustment figures from 1997 (the year after EAJA was amended to provide an hourly rate of $125.00) to 2010 (the year Atkins completed work on this case). However, this Court has consistently required a showing that the "prevailing market rate" is higher than the statutory cap under EAJA, not just a showing that the cost of living has increased since EAJA was enacted. *See Burkett v. Astrue*, Covington Civil Action No. 09-53, 2010 WL 881905 (E.D.Ky Mar. 8, 2010). The plaintiff has not made a showing that the prevailing market rate for

5

competent representation in social security cases in the Southern Division of the Eastern District of Kentucky should be increased above $125.00 per hour. Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the motion for attorney's fees pursuant to 28 U.S.C. § 2414 (d) [DE #13] is **GRANTED** to the extent that plaintiff's counsel is awarded attorney's fees in the amount of $6,012.50 (48.10 hours x $125) and costs in the amount of $350.00, and **DENIED** in all other respects.

This December 23, 2011.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**